IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
AT ATLANTA

RONALD L. ANDERSON,

    Plaintiff,

v.                                    Civil Action No. _____

JEFFERSON CAPITAL SYSTEMS, LLC and
LAZEGA & JOHANSON LLC,

    Defendants.

## COMPLAINT

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ronald L. Anderson is and was at all times relevant to this action a citizen and resident of Lawrenceville, Gwinnett County, Georgia, and a natural person who is obligated or allegedly obligated to pay a debt, and therefore is a "consumer" under 15 U.S.C. § 1692a(3).

2. Defendant Jefferson Capital Systems, LLC is and was at all times relevant to this action a limited-liability corporation formed in and with its principal office address in Georgia, and authorized to do business in Georgia.

3. Defendant Lazega & Johanson LLC is and was at all times relevant to this action a limited-liability corporation formed in and with its principal office address in Georgia, and authorized to do business in Georgia.

4. Plaintiff brings this action in order to recover for Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.*, in attempting to collect consumer debts from Plaintiff.

5. Jurisdiction is proper with this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

6. Venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

7. Defendant Jefferson Capital Systems, LLC ("JCS") has described itself in a press release as "a leading national charged-off consumer debt buyer that focuses on purchasing a variety of consumer receivables for its own account."

8. JCS is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or

indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

9. Defendant Lazega & Johanson, LLC ("L&J") is a law firm that, according to its website, represents "a wide variety of debt buyers and financial institutions in the collection of consumer debt, such as student loans, credit cards, auto loans, and other consumer debt obligations." The website also explains that at L&J, "We utilize software specifically designed to electronically integrate our practice directly with our clients. Our accounting, reporting, and remittance system is our primary focus. Our team of dedicated professionals work tirelessly to recover and remit as much as possible for our clients in all stages of collection, from pre-suit demand through litigation and the use of all available post-judgment remedies. With highly skilled collectors and skip tracers, we consistently return liquidation rates exceeding client expectations."

10. L&J is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

## Case No. 15-M-09000

11. On April 1, 2015, JCS, as an assignee of Compucredit Corporation (Salute Gold Card), by and through its counsel, Rahn L. Gatewood, an attorney admitted to practice in Georgia and employed by L&J, filed a statement of claim against Plaintiff in the Magistrate Court of Gwinnett County, Georgia, in which it alleged a claim against him in the amount of $502.41 principal, plus $55.00 in court costs, and all future costs of the suit.

12. Plaintiff's alleged balance due is for a monetary obligation arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" under 15 U.S.C. § 1692a(5).

13. JCS attached to its Statement of Claim a document, which purported to be a monthly statement from Salute for account number XXXX-XXXX-XXXX-7343, reflecting a new balance of $502.41 with a minimum payment of $70.00 due by June 8, 2012. JCS also attached a page of boilerplate language that did not reference Plaintiff's name.

14. JCS also attached a one-page "BILL OF SALE," which stated that CompuCredit Corporation, pursuant to a Financial Asset Sales Agreement dated March 11, 2004, as Seller, had sold to Jefferson, as Buyer, "all right,

4

title and interest of Seller in and to those certain Receivables listed on the attached Schedule 1 (which Schedule 1 may be delivered in the form of a diskette or other electronically formatted medium), without recourse and without the representation of, or warranty, collectibility [*sic*], or otherwise, except to the extent provided for within the Agreement." There was no Schedule 1 attached to the BILL OF SALE. The BILL OF SALE was executed on July 30, 2012 and was signed on behalf of CompuCredit Corporation by an individual whose signature is illegible. JCS' Statement of Claim and the attachments are attached collectively as Exhibit A.

15. On August 10, 2015, the Magistrate Court of Gwinnett County dismissed JCS' complaint because JCS had failed to serve Plaintiff.

## Case No. 15-M-09014

16. On April 1, 2015, JCS, as an assignee of Bluestem Brands, Inc. f/k/a Fingerhut Direct Marketing, by and through its counsel, Rahn L. Gatewood, an attorney admitted to practice in Georgia and employed by L&J, filed a statement of claim against Plaintiff in the Magistrate Court of Gwinnett County, Georgia, in which it alleged a claim against him in the amount of $969.93 principal, plus $55.00 in court costs, and all future costs of the suit.

17. Plaintiff's alleged balance due is for a monetary obligation arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" under 15 U.S.C. § 1692a(5).

18. JCS attached to its Statement of Claim a five-page document, which purported to identify Plaintiff as the customer and listed a series of transactions starting in August 26, 2008 and continuing through March 5, 2014. To the extent not redacted, the document purported to reflect an account number ending in "9691," a card number ending in "1995," and a requested card number ending in "9214." There are no monthly balances shown, but on September 5, 2012, amounts totaling $969.93 were adjusted or written off.

19. JCS also attached as Exhibit B a one-page "ASSIGNMENT AND BILL OF SALE," which stated that Bluesteam Brands, Inc., as the Seller, had entered into a Purchase Agreement dated January 31, 2014 for the sale of Accounts described in the attached Schedule 1 (which was not attached), to JCS, as the Buyer, and that all of the information contained in Seller's Accounts Information constituted its own business records regarding the Purchased Accounts and that the information accurately reflects in all material respects the information about the Purchased accounts in Seller's possession. The

ASSIGNMENT AND BILL OF SALE was signed on January 31, 2014 on behalf of Bluestem Brands, Inc. by C.J. Hamilton, who is identified as its "V.P. Collections and Recoveries." JCS' Statement of Claim and the attachments are attached collectively as Exhibit B.

20. JCS also attached to its Statement of Claim a photocopied letter from the Accounts Payable Dept. at Bluestem Brands, Inc., dated February 18, 2010, which advised that Fingerhut Direct Marketing, Inc. had changed its name to Bluestem Brands, Inc.

21. On August 10, 2015, the Magistrate Court of Gwinnett County dismissed JCS' complaint because JCS had failed to serve Plaintiff.

### Case No. 15-M-09015

22. On April 1, 2015, JCS, as an assignee of Compucredit Corporation (Aspire Card), by and through its counsel, Rahn L. Gatewood, an attorney admitted to practice in Georgia and employed by L&J, filed a statement of claim against Plaintiff in the Magistrate Court of Gwinnett County, Georgia, in which it alleged a claim against him in the amount of $728.17 principal, plus $55.00 in court costs, and all future costs of the suit.

23. Plaintiff's alleged balance due is for a monetary obligation arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" under 15 U.S.C. § 1692a(5).

24. JCS attached to its Statement of Claim a document, which purported to be monthly statement from Aspire for account number XXXX-XXXX-XXXX-5783 reflecting a new balance of $728.17 with a minimum payment of $77.00 due by May 21, 2012. JCS also attached a page of boilerplate language that did not reference Plaintiff's name.

25. Jefferson also attached a one-page "BILL OF SALE," which stated that CompuCredit Corporation, pursuant to a Financial Asset Sales Agreement dated March 11, 2004, as Seller, had sold to Jefferson, as Buyer, "all right, title and interest of Seller in and to those certain Receivables listed on the attached Schedule 1 (which Schedule 1 may be delivered in the form of a diskette or other electronically formatted medium), without recourse and without the representation of, or warranty, collectibility [*sic*], or otherwise, except to the extent provided for within the Agreement." There was no Schedule 1 attached to the BILL OF SALE. The BILL OF SALE was executed on July 30, 2012 and was signed on behalf of CompuCredit Corporation by

8

an individual whose signature is illegible. JCS' Statement of Claim and the attachments are attached collectively as Exhibit C.

26. On August 12, 2015, the Magistrate Court of Gwinnett County dismissed JCS' complaint because JCS had failed to serve Plaintiff.

## COUNT I
## Violations of FDCPA by Defendants

27. Plaintiff incorporates paragraphs 1 through 26 by reference hereto as if set forth verbatim hereinafter.

28. Defendants violated 15 U.S.C. § 1692e by representing, in each of the three cases, that the document entitled "BILL OF SALE" or "ASSIGNMENT AND BILL OF SALE" attached to each Statement of Claim was an assignment reflecting the transfer of Plaintiff's account to JCS and entitling JCS to collect the alleged debt, when the document was not complete, did not bear any signature by anyone on behalf of JCS, and was not executed by anyone on behalf of JCS. Further, each "BILL OF SALE" or "ASSIGNMENT AND BILL OF SALE" referenced and relied on a document ("Schedule 1") that was not attached to or otherwise provided as part of the "BILL OF SALE" or

"ASSIGNMENT AND BILL OF SALE," and also provided that the transfer, sale, conveyance, grant, or delivery of the account is without recourse.

29. Defendants violated 15 U.S.C. § 1692f by seeking, in each of the three cases, $55.00 in court costs, before Defendants had obtained any judgment from Plaintiff or before Plaintiff had been found to be liable to Defendants in any amount.

30. As a direct and proximate result of each and every violation of the FDCPA committed by Defendants, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k9(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. § 1692k9(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k9(a)(3) from all Defendants.

## COUNT II
### Violation of FDCPA by Defendants (Lack of meaningful attorney involvement in preparing and filing the magistrate court actions)

31. Plaintiff incorporates paragraphs 1 through 30 by reference hereto as if set forth verbatim hereinafter.

32. Although an attorney employed by L&J filed all three of JCS' Statement of Claims on April 1, 2015, and swore to their accuracy, each Statement of Claim

and attached exhibits were boilerplate forms and templates, which were prepared without meaningful attorney involvement.

33. The Statement of Claim filed in each of the three cases did not contain any allegations or a description as to how Plaintiff was allegedly indebted to JCS in each case. Rather, each Statement of Claim alleged that Plaintiff was a resident of Gwinnett County and the amount of the alleged debt, plus $55.00 in court costs, and all future costs of the suit.

34. Each Statement of Claim attached documents that were incomplete on their face and which therefore could not support or establish JCS' claim for relief against Plaintiff in each of the three cases.

35. Specifically, Defendants failed to show that JCS was entitled to recover the amount that it sought from Plaintiff or that JCS had actually obtained Plaintiff's account, whether by purchase or any other means, or that JCS had any standing to attempt to collect any debt that may have been owed by Plaintiff to any entity.

36. Thus, Defendants falsely represented to Plaintiff, the Magistrate Court of Gwinnett County, and the general public that each Statement of Claim was prepared and filed by attorneys exercising their professional judgment,

oversight, and supervision, when there was no meaningful attorney involvement in the preparation or filing of the complaint.

37. Defendants' acts or failures to act constitute violations of 15 U.S.C. § 1692e of the FDCPA.

**WHEREFORE**, Plaintiff Ronald L. Anderson prays that this Honorable Court enter judgment on his behalf against Defendants Jefferson Capital Systems, LLC and Lazega & Johanson LLC, jointly and severally, as follows:

(1) An award of actual damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k9(a)(1) against Defendants Jefferson Capital Systems, LLC and Lazega & Johanson LLC, and for the benefit of Plaintiff Ronald L. Anderson;

(2) An award of statutory damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k9(a)(2)(A) against Defendants Jefferson Capital Systems, LLC and Lazega & Johanson LLC, and for the benefit of Plaintiff Ronald L. Anderson;

(3) An award of attorney's fees and costs under 15 U.S.C. § 1692k9(a)(3) against Defendants Jefferson Capital Systems, LLC and Lazega & Johanson LLC, and for the benefit of Plaintiff Ronald L. Anderson; and

(4)   Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Ronald L. Anderson demands a trial by jury.

**RONALD L. ANDERSON**
**By Counsel**


/s/ E. Talley Gray
E. Talley Gray (GA Bar No. 53660)
3449-E Lawrenceville-Suwanee Road
Suwanee, GA 30024
(678) 428-4868
talleygray@gmail.com

*Counsel for Plaintiff Ronald L. Anderson*