IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD L. ANDERSON,

         Plaintiff,

vs.

JEFFERSON CAPITAL SYSTEMS,
LLC and LAZEGA & JOHANSON
LLC,

         Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

1:16-CV-1082-CC-RGV

## OPINION AND ORDER

Plaintiff Ronald L. Anderson ("Plaintiff" or "Mr. Anderson") has brought this lawsuit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  The case is before the Court on the Non-Final Report and Recommendation (the "R&R") [Doc. No. 13] issued by Magistrate Judge Russell G. Vineyard on November 7, 2016.  In the R&R, Magistrate Judge Vineyard recommends that the Motion to Dismiss Pursuant to F.R.C.P. 12 of Lazega & Johanson LLC and Jefferson Capital Systems, LLC [Doc. No. 5] be granted in part and denied in part.  Specifically, Magistrate Judge Vineyard recommends that Plaintiff's § 1692e claim asserted in Count I of the Complaint be dismissed and that his § 1692f claim in Count I and his § 1692e claim in Count II be allowed to proceed.  Defendants Jefferson Capital Systems, LLC ("Jefferson Capital") and Lazega and Johanson LLC ("L&J") (collectively referred to herein as "Defendants") object to the portion of the R&R in which Magistrate Judge Vineyard recommends that the § 1692f claim be permitted to proceed.  (See Doc. No. 15.)  Plaintiff has filed a brief opposing Defendants' objections.  (See Doc. No. 16.)  The matter is ripe for the Court's review.

## I.    STANDARD OF REVIEW

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or

modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.    DISCUSSION

Plaintiff claims in this litigation that Defendants violated 15 U.S.C. § 1692f by seeking $55.00 in court costs in each of three debt collection cases filed in the Magistrate Court of Gwinnett County, Georgia, before Defendants had obtained any judgment and before Mr. Anderson had been found to be liable to Defendants in any amount. Each of the underlying cases was brought by Jefferson Capital, through its counsel, who were employed by L&J, to recover from Mr. Anderson alleged unpaid balances owed on three separate credit accounts. Mr. Anderson maintains in the case before this Court that Defendants should not have sought $55.00 in court costs in each of the three cases and that Georgia law did not require or permit them to do so.

### A.    Motion to Dismiss Standard

A court may grant a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The complaint need not contain "detailed factual allegations," but it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation and citation omitted).  Something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  Id.  Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678 (citation omitted).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citation omitted).  Likewise, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue that precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford Cty., 960 F.2d 1002, 1010 (11th Cir. 1992).

In addition to considering the properly-pleaded allegations of the complaint, the court can consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) (citation omitted).  Eleventh Circuit law further provides as follows:

> [W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule

- 3 -

12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

Brooks v. Clue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).  The court's "duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007).  "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."  Id. at 1206 (citation omitted).

> B.    Analysis

Having conducted a de novo review of Magistrate Judge Vineyard's recommendation that the Court conclude that Plaintiff has stated a claim under § 1692f based on Defendants' pursuit of $55.00 in court costs in the pleadings filed in the three underlying cases, the Court agrees that Plaintiff has stated a plausible claim for a violation of § 1692f.  As an initial matter, the Court acknowledges that Defendants' claims in the underlying cases were presented using a "Statement of Claim" form provided by the Gwinnett County Magistrate Court and that much of the language on the form was standard, pre-printed language.  The Court likewise recognizes that Defendants appear to have completed the form in the manner requested and then swore, as required, to the accuracy of the amount claimed to be owing.  As such, the ultimate resolution of Plaintiff's § 1692f claim could result in Defendants' completion of a standard court form giving rise to a violation of §1692f.  However, for the reasons set forth below, that ultimately may be the appropriate and necessary result.

Congress enacted the FDCPA in 1977 with the express purpose to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Among other prohibitions imposed by the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. One listed example of an unfair or unconscionable means is "[t]he collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation)" unless "authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

The FDCPA is generally described as a "strict liability" statute. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) (per curiam).  As a remedial, strict liability statute, the FDCPA should be applied liberally.  Mammen v. Bronson & Migliaccio, LLP, 715 F. Supp. 2d 1210, 1212 (M.D. Fla. 2009) (citation omitted).  A plaintiff does not need to prove knowledge or intent to prevail on a claim under the FDCPA.  Hair v. Lazega & Johanson, LLC, Civil Action No. 1:13-cv-01762-AT-AJB, 2014 WL 12571424, at *5 (N.D. Ga. (July 7, 2014) ("Courts have characterized the FDCPA as 'a strict liability statute' in the sense that a consumer may recover statutory damages even without a showing of intent or actual damages."); see also Stratton v. Portfolio Recovery Assocs., LLC, 770 F.3d 443, 448-49 (6th Cir. 2014) ("The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent, and does not have to have suffered actual damages.") (internal citations omitted).

Courts employ a "least-sophisticated consumer" standard when conducting a § 1692f analysis.  LeBlanc, 601 F.3d at 1201.  "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the [FDCPA] protects the gullible as well as the shrewd."  Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (citation omitted).  "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the "least sophisticated consumer" would have been deceived' by the debt collector's conduct."  Crawford v. LVNV Funding, LLC

(In re Crawford), 758 F.3d 1254, 1261 (11th Cir. 2014) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 n. 11 (11th Cir. 1985)). "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." LeBlanc, 601 F.3d at 1194 (quotation marks omitted and alterations adopted).

Magistrate Judge Vineyard, after reviewing Georgia's cost taxing provisions and construing the allegations in support of Plaintiff's § 1692f claim in the light most favorable to him, reasoned that the least sophisticated consumer could conclude that the $55.00 in court costs sought in each of the three cases "is not a prayer for relief upon judgment being entered, but an amount of indebtedness claimed along with the principal amount." (R&R at 25.)  Relying on Champion v. Target Nat'l Bank, Civil Action No. 1:12-CV-4196-RLV, 2013 WL 8699367 (N.D. Ga. Apr. 15, 2013), Magistrate Judge Vineyard then concluded that Plaintiff stated a claim for a plausible violation of § 1692f, given that "'recovery of costs is allowed only after judgment, and even at that point assessment of costs is subject to the discretion of the trial court.'" (R&R at 25) (quoting Champion, 2013 WL 8699367, at *10).

Defendants object, making multiple arguments.  First, Defendants maintain that Georgia law expressly permits a litigant to seek the amount of costs, and they argue that the cases relied on by Magistrate Judge Vineyard are distinguishable insofar as those cases involved demand letters demanding entitlement to court costs immediately, not pleadings in which litigants are asking in the prayer for relief that costs be awarded.  Defendants' second argument is that the least sophisticated consumer, reading the four corners of the pleadings, would understand the $55.00 in court costs was part of Defendants' prayer for relief. Defendants' third argument is that the demand for courts costs in the prayer for relief actually puts the consumers on notice of the relief ultimately being sought and thus is beneficial to the consumers, whereas the rule resulting from the recommendation in the R&R would

potentially harm consumers.  Defendants' final argument is that the FDCPA is not furthered by punishing a debt collector for using standard forms provided by the state court.

There appears to be no dispute that the FDCPA "applies to the litigating activities of lawyers." Heintz v. Jenkins, 514 U.S. 291, 294, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).  Formal complaints are not exempt from the FDCPA, as such litigating activities may include the service upon a debtor of a complaint to facilitate debt collection efforts.  Kaymark v. Bank of America, N.A., 783 F.3d 168, 177 (3d Cir. 2015); Currier v. First Resolution Inv. Corp., 762 F.3d 529, 535 (6th Cir. 2014); James v. Wadas, 724 F.3d 1312, 1316 (10th Cir. 2013); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1031-32 (9th Cir. 2010).  Indeed, several courts have held that the FDCPA applies to pleadings filed in state court actions.  See, e.g., Glover v. F.D.I.C., 698 F.3d 139, 152 n. 8 (3d Cir. 2012); Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. 2007); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 298 (2d Cir. 2003); Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir. 2000).  Thus, Defendants' reference to court costs in pleadings, as opposed to a demand letter, in no way exempts Defendants' claims for the court costs from FDCPA liability.

The question in this case is whether Defendants' claims for a specific amount of costs in each of the three state court complaints is "permitted by law." Consistent with Magistrate Judge Vineyard's analysis, the Court looks to Georgia law to determine whether the claims for costs is permissible. Defendants argued before the magistrate that "court costs are authorized to be sought by Georgia law . . ., and in fact to seek them, one must itemize them." (Doc. No. 6 at 9-10 (citation omitted) (citing O.C.G.A. § 9-15-11) .)  Defendants have confused what is permitted and required at the pleading stage with what actions a prevailing party must take following entry of judgment.

Under Georgia law, "[e]xcept where express provision therefor is made in a statute, costs shall be allowed as a matter of course to the prevailing consumer

unless the court otherwise directs[.]" O.C.G.A. § 9-11-54(d). In all civil cases in Georgia state courts, "except as otherwise provided, the party who dismisses, loses, or is cast in the action shall be liable for the costs therefore." O.C.G.A. § 9-15-1. "The several officers of court are prohibited from demanding the costs in any civil case or any part thereof until after judgment in the same, except as otherwise provided by law." O.C.G.A. § 9-15-3. "When a case is disposed of, the costs . . . shall be included in the judgment against the party voluntarily dismissing, being involuntarily dismissed, or cast in the action. . . . No costs or items of costs shall in any case be demanded by any officer unless they are itemized and endorsed as provided in this Code section." O.C.G.A. § 9-15-11. Considering these statutory provisions together, as did Magistrate Judge Vineyard and as did the district judge in the case on which Magistrate Judge Vineyard relied, "in an action at law, a party is not liable for costs until final judgment has been entered against him." (R&R at 24) (citing Champion, 2013 WL 8699367, at *10). Moreover, by its plain language, the statutory requirement that a demand for costs include an itemization of the costs does not apply until after a court disposes of the case and includes costs in the judgment. See O.C.G.A. § 9-15-11.

While there was a possibility that Defendants would be entitled to recover costs upon entry of judgment in each of the three cases before the Gwinnett County Magistrate Court, the Court finds plausible Plaintiff's claim that Defendants violated § 1692f of the FDCPA by seeking a specific amount of court costs in each of the state court cases, especially given Defendants' representation in each of those cases that the amount for court costs was a part of the amount owing. In the state court cases, Defendants stated in each case that the claim was "in the amount of $[amount specified], plus $55.00 court costs, and all future costs of this suit." (See Doc. No. 1-1 at 2; Doc. No. 1-2 at 2; Doc. No. 1-3 at 2.) Right below the stated claim in each case, the attorney for Defendants swore on oath that "the foregoing is a just and true statement the amount owing by defendant(s) to plaintiff(s), exclusive of all set-offs

and just grounds of defense." (Id.) Notwithstanding that representation, it is contrary to Georgia law that a specific amount of court costs was owing at the time that Defendants filed the state court cases, as "a party is not liable for costs until final judgment has been entered against him." Champion, 2013 WL 8699367, at *10. Thus, as presented on the claim forms, the court costs sought by Defendants, which were not in any manner labeled as being a part of a "prayer for relief,"[1] were not "permitted by law." 15 U.S.C. § 1692f(1).

The Sixth Circuit has held, albeit in an unpublished decision, that a request in a state court complaint for costs in an unstated amount was "permitted by law" and therefore was not a violation of § 1692f, because Kentucky law allows prevailing parties to request "costs." Clark v. Main Street Acquisition Corp., 553 F. App'x 510, 515 (6th Cir. 2014). The Clark court found noteworthy, however, that the references to costs at issue in that litigation, which were included in an affidavit attached to the state court complaint and also mentioned in the state court complaint's prayer for relief, were "indeterminate" costs, not "specific amounts of 'costs'." Id. at n. 3. As explained above, the instant case is distinguishable from Clark, and Clark implies that there may be a § 1692f violation where, as here, specific amounts of costs have been sought.

In the instant case, the least sophisticated consumer likely would not read the claims for $55.00 in court costs as aspirational requests, as would appear in a prayer for relief that is clearly identified as such. See Stratton, 770 F.3d at 451 (distinguishing a factual allegation from an "aspirational request"). Rater, the least sophisticated consumer likely would believe that the amount of indebtedness

---

[1]       Below the Statement of Claim, there was a section on each form labeled "Notice and Summons," which stated the following, in part: "**TO: All Defendant(s)** You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement." While this statement communicates that the amount sought is a request, the sworn statement that the amount is owing, at the very least, creates confusion.

already included an additional charge for court costs in each of the cases or, at the very least, would be confused about whether the amounts for court costs were already owing.   Had there been a contractual provision pursuant to which Defendants sought costs, the manner in which Defendants completed the standard form might not have created an issue under the FDCPA.  However, because there is no such contractual basis for the court costs alleged and an obligation to pay court costs, under Georgia law, does not possibly arise until after liability has been determined and a judgment has been entered, the Court agrees with Magistrate Judge Vineyard's recommendation and finds that Plaintiff has stated a plausible claim for relief under 15 U.S.C. § 1692f.

## III.    CONCLUSION

Having conducted a de novo review of that portion of the R&R to which Defendants object and having reviewed the remainder of the R&R for plain error and finding none, the Court hereby **ADOPTS** the R&R in its entirety and **GRANTS in part** and **DENIES in part** the Motion to Dismiss Pursuant to F.R.C.P. 12 of Lazega & Johanson LLC and Jefferson Capital Systems, LLC [Doc. No. 5].  Plaintiff's § 1692e claim asserted in Count I of the Complaint is **DISMISSED**, and Plaintiff's § 1692f claim in Count I and his § 1692e claim in Count II are permitted to proceed.

SO ORDERED this 27th day of January, 2017.


s/  CLARENCE COOPER
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE